IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DANE BURCH, | § | |
|       Plaintiff, | § | |
| V. | § | |
| | § | |
| ANTHONY PHIFER, ET AL., | § | A-25-CV-373-ADA-ML |
|       Defendants. | § | |

ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

TO THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Defendant removed this case, and now before the court is Defendant's Application to Proceed *In Forma Pauperis* (Dkt. 2). Because Defendant is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Defendant's Notice of Removal pursuant to 28 U.S.C. § 1915(e).

### I.    REQUEST TO PROCEED *IN FORMA PAUPERIS*

The court has reviewed Defendant's financial affidavit and determined Defendant is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Defendant's request for *in forma pauperis* status. The Clerk of the Court shall file the Notice of Removal without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or

malicious pursuant to 28 U.S.C. § 1915(e).  Defendant is further advised, although Defendant has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases.  *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the Notice of Removal and is recommending the case be remanded to the state court for lack of subject matter jurisdiction.

## II.    REVIEW OF THE MERITS OF THE CLAIM

Because Defendant has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Notice of Removal.[1]  Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.  A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios."  *Id.* at 327–28.

Pro se pleadings are liberally construed in favor of the pro se party.  *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972).  However, pro se status does not offer a party an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

---

[1] The court also has an independent duty to review its jurisdiction and must dismiss an action any time it lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

Anthony Phifer attempts to remove this case from the Justice of the Peace in and for Travis County, Precinct 1, Place 1. Dkt. 1 at 1. Dane Burch brought suit against Phifer and others seeking to evict them from Burch's rental property because they allegedly broke the terms of the lease. Dkt. 1-3 at 5. In his Notice of Removal, Phifer asserts: "The proceedings occurring in violation of the and the Respondent's service of process is Unconstitutional with respect to the 'Due Process Clauses'14th Amendment with defective service." Dkt. 1 at 1.

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258-59 (5th Cir. 2014) (quoting *Kokkonen*, 511 U.S. at 377).

A case may be removed to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392 (5th Cir. 2009).

Generally, a federal court has jurisdiction over a case in two circumstances. The first, known as federal question jurisdiction, exists if a case "arises under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1331. Removal based on federal question jurisdiction is proper if the complaint establishes (1) federal law creates the cause of action, or (2) federal law

is a necessary element of one of the well-pleaded claims. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988).

The second circumstance in which a federal court has jurisdiction is frequently termed diversity jurisdiction. *See generally* 28 U.S.C. § 1332 (setting out the elements required for jurisdiction based on "diversity of citizenship"). "Diversity jurisdiction under 28 U.S.C. § 1332 only exists where the parties are citizens of different states and the amount in controversy exceeds $ 75,000." *White v. FCI USA, Inc.*, 319 F.3d 672, 674-675 (5th Cir. 2003). Furthermore, removal is appropriate "only if none of the parties properly joined and served as defendants is a citizen of the state in which the action was brought." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citing 28 U.S.C. § 1441(b)(2)).

The underlying suit does not present a federal question on which to base jurisdiction. Nor is there any basis to find diversity jurisdiction exists. Federal courts are not appellate courts to state courts. If Phifer believes he was not properly served in state court, the proper procedure is to move to dismiss in state court on that basis or to appeal on that basis if judgment has been entered. Accordingly, the undersigned will recommend this case be remanded to the court from which it was removed.

Because the court lacks subject matter jurisdiction, the court also **DENIES** Phifer's Motion for an Ex-Parte Hearing for Order to Show Cause (Dkt. 6).

### III.    ORDER AND RECOMMENDATIONS

The Magistrate Court hereby **GRANTS** Defendant's Application to Proceed *In Forma Pauperis* (Dkt. 2). The Magistrate Court **RECOMMENDS** the District Court **REMAND** the case for lack of subject matter jurisdiction.

Phifer's Motion for an Ex-Parte Hearing for Order to Show Cause (Dkt. 6) is **DENIED**.

The referral of this case to the Magistrate Court should now be canceled.

**IV.     WARNING**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED March 28, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE